Chancellor Rutledge
afterwards delivered the decree of the court:
Upon a careful review of the testator’s will, it evidently appears that he knew perfectly Well how to distinguish between his children and grandchildren in the several bequests of his will. Cases may be found in the books where grandchildren have been considered as children, where *313 there has bepi an ambiguity of expression in the testator’s will, which rendered it absolutely necessary, and without such construction, the testator’s intent could not be otherwise satisfied: but that is not the present case, and we think it would be a most stráined construction in deed to say that the word children in the bequest, before the words of maintenance and education, meant to include grand children.
Smith and Bacot and Besaussure for complainant.
.Paiiker andLiGHTwooD for defendant.
The testator having directed that his minor children should be educated and maintained out of the profits of his estate, that expense must be defrayed out of the residuary estate at large, that being'the fund usually applied to the payment of debts and legacies.